```
                                        FILED
                              CLERK, U.S. DISTRICT COURT

                                    11/12/2015

                              CENTRAL DISTRICT OF CALIFORNIA
                              BY:_____CW_____DEPUTY
```

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | | |
|---|---|---|
| JERALD PADILLA, | ) | Case No. SACV 15-1701-FMO(AJW) |
| Petitioner, | ) | |
| | ) | MEMORANDUM AND ORDER |
| v. | ) | DISMISSING PETITION |
| | ) | |
| KELLY SANTORO, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner was convicted of one count of assault with a semiautomatic firearm, one count of first degree residential burglary, and one count of second degree robbery. In addition, the jury found true the allegations that petitioner personally used a firearm in the commission of each of the offenses. [ECF 1 at 2].[1]

The California Court of Appeal affirmed petitioner's conviction, but modified the judgment by staying a sentence enhancement imposed upon the robbery count, awarding petitioner a total of 488 days of custody credit, and deleting the imposition of a five-year parole term. People v. Padilla, 2014 WL 2735466, at *5 (Cal. Ct. App. June

---

[1] Citations are to the Electronic Case File ("ECF") version of the petition. Pinpoint citations are to the ECF-generated page numbers at the top of the document.

1   17, 2014). On August 27, 2014, the California Supreme Court denied

2   petitioner's petition for review. [ECF 1 at 11].

3       Petitioner filed this petition for a writ of habeas corpus in

4   this Court on October 22, 2015. The petition raises the following five

5   claims for relief: (1) the trial court erred by denying petitioner's

6   motion for judgment of acquittal on the robbery count; (2) "a reversal

7   on count 3, robbery, requires a remand for resentencing"; (3) the

8   trial court erred by imposing a concurrent term for the firearm use

9   sentence enhancement; (4) the trial court erred by imposing a five-

10  year parole period; and (5) petitioner's presentence credits were

11  improperly calculated. [Petition at 5-6].

12      Rule 4 of the Rules Governing Section 2254 Cases provides that

13  "[i]f it plainly appears from the petition and any attached exhibits

14  that the petitioner is not entitled to relief in the district court,

15  the judge must dismiss the petition ...." For the following reasons,

16  the petition is subject to summary dismissal.

17      Federal habeas corpus relief is available only if a petitioner

18  has been convicted or sentenced in violation of the Constitution, laws

19  or treaties of the United States. It is not available for alleged

20  errors in the interpretation or application of state law. Swarthout v.

21  Cooke, 562 U.S. 216, 219 (2011); Estelle v. McGuire, 502 U.S. 62, 67-

22  68 (1991). Petitioner does not allege that he has been deprived of any

23  federally protected right. Instead, his claims are based solely upon

24  alleged errors of state law. As a result, the petition fails to state

25  a cognizable federal claim for relief.

26      Even if petitioner's claims could be construed as raising federal

27  claims, none have been exhausted. A state prisoner is required to

28  exhaust all available state court remedies before a federal court may

2

1   grant habeas relief. <u>See</u> 28 U.S.C. § 2254(b); <u>O'Sullivan v. Boerckel</u>,

2   526 U.S. 838, 842 (1999). Exhaustion requires that a petitioner

3   "fairly present" his federal claims to the highest state court

4   available. <u>Davis v. Silva</u>, 511 F.3d 1005, 1008 (9th Cir. 2008). "To

5   fairly present a federal claim, a state prisoner must present to the

6   state courts both the operative facts and the federal legal theories

7   that animate the claim." <u>Arrendondo v. Neven</u>, 763 F.3d 1122, 1138 (9th

8   Cir. 2014).

9        Petitioner's petition for review filed in the California Supreme

10  Court raised a single claim for relief: the prosecution did not

11  present sufficient evidence of a "special relationship" to support

12  petitioner's robbery conviction. [ECF 1 at 58]. Thus, four of the five

13  claims raised in petitioner's federal petition have never been

14  presented to the California Supreme Court in any fashion. The one

15  issue included in the petition for review did not purport to raise a

16  federal claim. Although petitioner argued that the evidence was not

17  sufficient to support the robbery conviction, he did not describe the

18  federal legal theory on which his claim was based, he did not cite the

19  United States Constitution or a federal case, and he did not label his

20  claim "federal." <u>See</u> <u>Baldwin v. Reese</u>, 541 U.S. 27, 32-33 (2004)

21  (holding that federal nature of claim was not fairly presented to the

22  state court where the petitioner alleged only "ineffective assistance

23  of appellate counsel" but did not mention "provisions of the Federal

24  Constitution," and provided "no citation of any case that might have

25  alerted the court to the alleged federal nature of the claim").

26  Instead, petitioner relied exclusively on state law – specifically,

27  five state cases interpreting California's requirement that in order

28  to have constructive possession of property for purposes of robbery,

the alleged victim must have a "special relationship" with the owner of the property such that the victim had authority or responsibility to protect the property on behalf of the owner. [See ECF 1 at 56-68].[2] As a result, petitioner has not exhausted a federal claim challenging the sufficiency of the evidence. See Arrendondo, 763 F.3d at 1138 (concluding that the petitioner had failed to exhaust a federal claim for relief because his brief filed in the highest state court "focused exclusively on state law, [so] he failed to present his compulsory-process claim as a federal claim").

Finally, the Court notes that it has discretion to stay mixed habeas petitions to allow the petitioner to exhaust his state remedies. See Rhines v. Webber, 544 U.S. 269, 277-278 (2005). It does not, however, have discretion to stay a petition containing only unexhausted claims. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."). Because the petition does not include any exhausted cognizable claim, there is nothing the Court can "stay."

---

[2] Although "for purposes of exhaustion, a citation to a state case analyzing a federal constitutional issue serves the same purpose as a citation to a federal case analyzing such an issue," Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc), none of the state cases cited in petitioner's petition for review analyzed a federal constitutional issue. [See ECF 1 at 56, 64-65].

For the foregoing reasons, the petition for a writ of habeas corpus is dismissed without prejudice.[3]

**It is so ordered.**

Dated:<u>November 12, 2015</u>

                                        _____/s/_____
                                        Fernando M. Olguin
                                        United States District Judge

---

[3] Petitioner is cautioned that a one-year limitation period applies to any future federal habeas corpus petition he may file. <u>See</u> 28 U.S.C. § 2244(d). Nothing in this order should be construed as expressing an opinion as the timeliness of any such future petition.

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         CENTRAL DISTRICT OF CALIFORNIA

10                              SOUTHERN DIVISION

11
   JERALD PADILLA,                )      Case No. SACV 15-1701-FMO(AJW)
12                                )
          Petitioner,             )
13                                )
       v.                         )      JUDGMENT
14                                )
   KELLY SANTORO, Warden,         )
15                                )
          Respondent.             )
16 _____ )

17
       **It is hereby adjudged** that the petition for a writ of habeas
18
   corpus is dismissed without prejudice.
19

20
   Dated: _____
21

22                                 _____
                                   Fernando M. Olguin
23                                 United States District Judge

24

25

26

27

28